**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN M. RULIS and BENEDICTE E. DUCHEN-RULIS, | **:** | **CIVIL CASE NO.** |
| | **:** | |
| Plaintiff(s) | **:** | |
| vs. | **:** | |
| | **:** | |
| LA FITNESS, LA FITNESS INTERNATIONAL, LLC, and FITNESS INTERNATIONAL, LLC | **:** | |
| | **:** | |
| Defendant(s) | **:** | |

**TO:   THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Fitness International, LLC (d/b/a "LA Fitness") hereby files the Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania, from the Court of Common Pleas, Philadelphia County, Pennsylvania, where the action is now pending, as provided by Title 28, United States Code, Section 1441, and hereby states the following:

1.     Plaintiff, Kevin M. Rulis, commenced this action on February 27, 2013, by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned <u>Kevin M. Rulis and Benedicte E. Duchen-Rulis v. LA Fitness, LA Fitness International, LLC, and Fitness International, LLC</u>, bearing docket number February Term 2013, No. 2966 ("the State Court Action").  The State Court Action is now pending in that Court. (A copy of the State Court Action Complaint is attached as Exhibit "A.")

2.     Plaintiff served Defendant Fitness International, LLC (hereinafter "LA Fitness") with the Complaint on or about March 11, 2013, by personally serving a copy of said Complaint on the Downingtown, PA LA Fitness location.  (A copy of the Docket Report for this matter is attached as Exhibit "B".  Despite repeated requests to Plaintiff's counsel, we have been unable to obtain an actual copy for the Sheriff's

Affidavit of Service.  The Docket Report, however, reveals that the Complaint was served on March 11, 2013).

3.      This Notice of Removal is filed within 30 days of the date of service of the Complaint, as required by 28 U.S.C. §1446(b).  (See Exhibit "B").

4.      The State Court action is between citizens of different states and is a civil action over which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. §1332.

5.      Specifically, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

6.      Defendant Fitness International, LLC, d/b/a LA Fitness is a California Limited Liability Company, with its principal place of business in the State of California.

7.      None of the members of the Limited Liability Company known as "Fitness International, LLC" are citizens of the Commonwealth of Pennsylvania.

8.      Upon information and belief, the matter in controversy claimed by the Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, computed on the following basis:

  (a)   Plaintiff's Complaint alleges that on or about July 13, 2012, Plaintiff sustained injury when he slipped and fell inside a racquetball court due to a leaking, improperly functioning  heating ventilation and cooling system and a section of the court's surface was covered by moisture, dust and dirt;

  (b)   Plaintiff alleges that as a result of the incident, he sustained serious personal injuries which include, but are not limited to a right torn Achilles tendon;

(c)    Plaintiff alleges that as a result of the incident, he has been forced to undergo medical treatment and will continue to incur various miscellaneous medical expenses;

(d)    Furthermore, Plaintiff alleges that he will continue to suffer "pain and limitation" and that his injuries may be of a permanent nature, causing residual problems into the future; and

(e)    Plaintiff's "Wherefore" clause alleges damages in excess of $50,000.00, which is the Arbitration limit under the Pennsylvania Rules of Civil Procedure and Philadelphia County local rules.

9.    This Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, the District Court of the United States for the district within which the State Court action is pending, as required by 28 U.S.C. §1441(b) and §1446(a).

10.    Upon filing the Notice of Removal, Defendant LA Fitness shall give written notice thereof to Plaintiff's counsel, Richard K. Washington, Esquire, and shall file copies of this Notice of Removal with the Prothonotary for the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. §1446(d).

11.    By filing this Notice of Removal, Defendant Fitness International, LLC d/b/a LA Fitness does not waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant, Fitness International, LLC (d/b/a "LA Fitness"), respectfully requests that the action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**BRIGGS LAW OFFICE, LLC**

Date:  March 25, 2013                    By:    _____
                                                NORMAN W. BRIGGS, ESQUIRE
                                                400 Market Street, Suite 730
                                                Philadelphia, PA  19106
                                                (215) 925-4632
                                                Attorneys for Defendant, Fitness International,
                                                LLC (d/b/a "LA Fitness")
                                                e-mail: nbriggs@thebriggslaw.com

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2013**   002966

E-Filing Number 1302045625

PLAINTIFF'S NAME
KEVIN M. RULIS

DEFENDANT'S NAME
LA FITNESS

PLAINTIFF'S ADDRESS
515 LYNETREE DRIVE
WEST CHESTER PA 19380

DEFENDANT'S ADDRESS
109 QUARRY ROAD
DOWNINGTOWN PA 19335

PLAINTIFF'S NAME
BENEDICTE E. DUCHEN-RULIS

DEFENDANT'S NAME
LA FITNESS INTERNATIONAL, LLC

PLAINTIFF'S ADDRESS
515 LYNETREE DRIVE
WEST CHESTER PA 19380

DEFENDANT'S ADDRESS
109 QUARRY ROAD
DOWNINGTOWN PA 19335

PLAINTIFF'S NAME

DEFENDANT'S NAME
FITNESS INTERNATIONAL, LLC

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
109 QUARRY ROAD
DOWNINGTOWN PA 19335

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 3 | [X] Complaint | [ ] Petition Action | [ ] Notice of Appeal |
| | | [ ] Writ of Summons | [ ] Transfer From Other Jurisdictions | |

AMOUNT IN CONTROVERSY    COURT PROGRAMS

[ ] $50,000.00 or less
[X] More than $50,000.00

[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

FEB 27 2013

IS CASE SUBJECT TO
COORDINATION ORDER?
YES    NO

## TO THE PROTHONOTARY

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   KEVIN M RULIS , BENEDICTE E DUCHEN-RULIS

Papers may be served at the address set forth below.

NAME OF PLAINTIFF/PETITIONER'S/APPELLANT'S ATTORNEY
RICHARD K. WASHINGTON

ADDRESS
RK WASHINGTON, JR., & ASSOC.
1500 JFK BOULEVARD
SUITE 200
PHILADELPHIA PA 191052

PHONE NUMBER
(215)925-4300

FAX NUMBER
(215)925-9180

SUPREME COURT IDENTIFICATION NO.
67908

E-MAIL ADDRESS
rkw@richardwashington.com

SIGNATURE OF FILING ATTORNEY OR PARTY
RICHARD WASHINGTON

DATE SUBMITTED
Wednesday, February 27, 2013, 04:41 pm

FINAL COPY (Approved by the Prothonotary Clerk)

R.K. WASHINGTON, JR., & ASSOCIATES, P.C.     THIS IS NOT AN ARBITRATION MATTER
By: Richard K. Washington, Jr., Esquire
Identification No. 67908
1500 JFK Boulevard, Suite 200
Philadelphia, PA 19102
(215) 925-4300          Attorneys for Plaintiff

Kevin M. Rubis
515 Lynetree Drive
West Chester, PA 19380
                    Plaintiff


Benedette F. Duchen-Rubis
415 Lynetree Drive
West Chester, PA 19380
                    Plaintiff

        vs.

LA Fitness
109 Quarry Road
Downingtown, PA 19335
                    Defendant

LA Fitness International, LLC
109 Quarry Road
Downingtown, PA 19335
                    Defendant

Fitness International, LLC
109 Quarry Road
Downingtown, PA 19335
                    Defendant

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY


CIVIL ACTION:

          , 2013

NO.

## NOTICE TO DEFENDANTS

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6300

R.K. WASHINGTON, JR., & ASSOCIATES, P.C.   THIS IS NOT AN ARBITRATION MATTER
By: Richard K. Washington, Jr., Esquire
Identification No. 67908
1500 JFK Boulevard, Suite 200
Philadelphia, PA 19102
(215) 925-4300          Attorneys for Plaintiff

| | |
|---|---|
| Kevin M. Rulis | COURT OF COMMON PLEAS |
| 515 Lynetree Drive | PHILADELPHIA COUNTY |
| West Chester, PA 19380 | |
| Plaintiff | |
| | |
| Benedicte E. Duchen-Rulis | |
| 415 Lynetree Drive | |
| West Chester, PA 19380 | |
| Plaintiff | CIVIL ACTION: |
| | |
| vs. | , 2013 |
| LA Fitness | |
| 109 Quarry Road | |
| Downingtown, PA 19335 | NO. |
| Defendant | |
| | |
| LA Fitness International, LLC | |
| 109 Quarry Road | |
| Downingtown, PA 19335 | |
| Defendant | |
| | |
| Fitness International, LLC | |
| 109 Quarry Road | |
| Downingtown, PA 19335 | |
| Defendant | |

## Complaint Civil Action

1.      Plaintiff, Kevin M. Rulis, is an adult individual, residing at 515 Lynetree Drive,

West Chester, PA 19380.

2.      Plaintiff, Benedicte E. Duchen-Rulis, is an adult individual, married to Kevin M.

Rulis, residing at 515 Lynetree Drive, West Chester, PA 19380.

3.      Defendant, LA Fitness is a business entity with a main corporate office located at

2600 Michelson Drive, Suite 300, Irvine, CA 92612 and conducting business at 109 Quarry Road,

Downingtown, PA 19335.

4.      Defendant, LA Fitness International, LLC is a business entity with a main corporate

office located at 2600 Michelson Drive, Suite 300, Irvine, CA 92612 and conducting business at

109 Quarry Road, Downingtown, PA 19335.

5.     Defendant, Fitness International, LLC is a business entity with a main corporate office located at 2600 Michelson Drive, Suite 300, Irvine, CA 92612 and conducting business at 109 Quarry Road, Downingtown, PA 19335.

6.     At all times material hereto, Defendants had a registered office in Philadelphia, Pennsylvania.

7.     At all times material hereto, Defendants conduct business, actively advertise and solicit patrons from Philadelphia County and surrounding counties.

8.     At all times material hereto, Defendants conduct business at locations in Philadelphia County, Pennsylvania including:

1435 Walnut Street, Philadelphia, PA 19107;

1425 South 24th Street, Philadelphia, PA 19145;

701 Cathedral Road, Philadelphia, PA 19128;

3400 Aramingo Avenue, Philadelphia, PA 19134;

851 Franklin Mills Circl, Philadelphia, PA 19154, and

2560 Grant Avenue, Philadelphia, PA 19114

9.     At all times material hereto, Defendants own or jointly own, operate and maintain the LA Fitness gym property located at 109 Quarry Road, Downingtown, PA 19335.

10.     At all times relevant and material to this Complaint, defendants did act through their agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency.

11.     At all times relevant and material to this Complaint, defendants, owned, operated, leased, managed, controlled and/or had dominion over the property, heating, ventilation and cooling

system and racquetball court 3 at the LA Fitness gym property located at 1167 Quarry Road, Downingtown, PA 19335 the "Premises"

12.     At all times relevant and material hereto, there was an obligation on the part of the aforesaid defendants to supervise, repair, maintain, clean, inspect and otherwise be responsible for the Premises including the property, heating ventilation and cooling system and racquetball court 3 areas, so that same would be safe for use by business invitees and/or members of the public, including plaintiff, Kevin M. Rulis.

13.     On or about July 13, 2012, plaintiff, Kevin M. Rulis, was a business invitee, lawfully inside the Premises, when, suddenly and without warning, plaintiff was caused to  slip and fall inside racquetball court 3 due to the leaking, improperly functioning heating ventilation and cooling system and a section of the court's surface covered by moisture, dust and dirt which was an unreasonably dangerous condition and/or conditions, which was not identified, properly cleaned, repaired or maintained, causing plaintiff, Kevin M. Rulis, to suffer severe and grievous injuries including but not limited to a right torn achilles tendon.

14.     At all times relevant and material hereto, defendants, owed a duty  to supervise, inspect, clean, repair, maintain and otherwise be responsible for the property, heating ventilation and cooling system and racquetball court 3 areas of the Premises, and to provide a safe and hazard free environment and otherwise be responsible for the Premises, so that same would be safe for use by business invitees and/or members of the public, including plaintiff, Kevin M. Rulis.

15.     At all times relevant and material hereto, defendants, owed a duty to warn business invitees and/or members of the public, including plaintiff, Kevin M. Rulis of unsafe conditions and otherwise be responsible for the business invitees and/or members of the public, including plaintiff, Kevin M. Rulis on the Premises, and to provide a safe and hazard free environment.

16.     Defendants, herein knew or should have known of the said dangerous, insecure and unsafe condition of the heating ventilation and cooling system and racquetball court 3 areas of the Premises and the likelihood that said dangerous, insecure and unsafe condition would cause injuries to business invitees and/or members of the public, lawfully on the Premises, in the absence of repair or adequate safety measures.

17.     Prior to July 13, 2012, defendants had notice of the dangerous, insecure and defective condition of the heating ventilation and cooling system and poorly cleaned racquetball court 3 areas and did allow the aforesaid areas to be and remain in a dangerous, insecure and defective condition which thereby created an unreasonable hazard to persons lawfully on the Premises.

18.     At all times material hereto, the area in which plaintiff fell and the condition which caused plaintiff to fall, was under the exclusive dominion and control of defendants.

19.     The circumstances under which plaintiff, Kevin M. Rulis, was injured were such that said injuries to plaintiff could not have occurred on said premises except by the negligence and carelessness of defendants.

20.     The aforesaid incident resulted solely from the negligence and carelessness of defendants and was due in no manner whatsoever to any act or failure to act on the part of plaintiff, Kevin M. Rulis.

## COUNT I

### Kevin M. Rulis and Benedicte E. Duchen-Rulis vs. LA Fitness, LA Fitness International, LLC and Fitness International, LLC

21.     Plaintiff, Kevin M. Rulis and Benedicte E. Duchen-Rulis, incorporates by reference thereto, all previous paragraphs, as though the same were set forth herein at length.

22.     The negligence and carelessness of the defendants consisted of the following:

(a)    failing to inspect, correct or have corrected, clean, repair or protect from defective and/or hazardous conditions being created on the Premises by the heating ventilation and cooling system and racquetball court 3 areas used by business invitees and/or members of the public on the Premises, said condition existing for a long time prior to the date of the accident;

(b)    failing to provide safe conditions for business invitees and/or members of the public;

(c)    allowing an unreasonably dangerous and unsafe condition to exist which defendants knew or should have known created a dangerous hazard to business invitees and/or members of the public;

(d)    allowing a latent and hidden dangerous condition to exist on the Premises;

(e)    failing to properly and adequately maintain the Premises, in particular the aforesaid dangerous and unsafe condition of the heating ventilation and cooling system and racquetball court 3 area of the premises;

(f)    failing to warn business invitees and/or members of the public of the dangerous, hazardous and unsafe conditions on the Premises;

(g)    failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the Premises;

(h)    failure to provide barricades in the area of the defective or dangerous conditions to prevent business invitees and/or members of the public from traversing in the aforesaid area of the Premises and/or reduce the chance of injuries to such persons resulting from the defective and/or dangerous condition of the Premises;

(i)    failure to properly and adequately hire and/or instruct the agents, servants,

workmen, cleaners, employees and/or representatives, of defendants, herein, as to safe and proper procedures for notifying of, barricading, inspecting, maintaining, cleaning, correcting and repairing a dangerous and defective condition on defendants' premises, including the defective and/or dangerous conditions which caused plaintiff's injuries;

(j)    failure to act with due care and regard for the position and safety of others, in particular, plaintiff, Kevin M. Ruhs;

(k)    failure to provide and maintain proper supervision over the repair, inspection, cleaning and/or maintenance of the Premises;

(l)    failure to provide and maintain proper safety precautions over the repair, inspection, cleaning and/or maintenance of the Premises;

(m)    failure to respond in a timely manner to an insecure and dangerous condition or situation at the Premises;

(n)    failure to deliver and post warning signs indicating dangerous conditions on the premises;

(o)    negligently maintaining a heating, ventilation and cooling system and racquetball court / areas;

(p)    creating a defective and hazardous condition; and

(q)    negligently hiring, retaining and training individuals to manage, inspect, clean, repair and maintin the Premises.

25.    The negligence and/or carelessness of the agents, servants, workmen, cleaners, employees and/or representatives, managers or independent contractors of defendants herein which occurred within the course and scope of employment and/or agency with defendants is imputed to said defendants and said defendants are liable for same.

24.     As a direct result of this accident, plaintiff, Kevin M. Rulis, has suffered injuries, which are or may be serious and permanent.

25.     The injuries sustained by plaintiff, Kevin M. Rulis, as set forth above are serious injuries which resulted in the permanent loss of a bodily function and/or a permanent disfigurement.

26.     As a further result of this accident, plaintiff, Kevin M. Rulis, has been obligated to receive and undergo medical attention, surgery and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to receive and undergo medical attention, surgery and care for his injuries and to expend such sums and to incur various expenses for said care and to incur such expenses for an indefinite period of time in the future.

27.     As a further result of this accident, plaintiff, Kevin M. Rulis, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services and he may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendants are liable for all of same.

28.     As a further result of this accident, plaintiff, Kevin M. Rulis, has or may suffer severe loss and impairment of his earnings and earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

29.     As a further result of this accident, plaintiff, Kevin M. Rulis, has been unable to attend to his daily chores, duties, and occupations, and he may be unable to do so for an indefinite time in the future.

30.     As a direct result of this accident, plaintiff, Kevin M. Rulis, has and may continue to in the future incur other financial expenses or losses to which he may otherwise be entitled to

recover.

51.     As a further result of the accident, plaintiff, Kevin M. Rulis, has suffered severe physical pain, suffering, scars, aches, mental anguish and humiliation, inconveniences and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

52.     As a result of the negligence of Defendants as previously described, directly and proximately resulting in the aforementioned injuries to Plaintiff Kevin M. Rulis, Plaintiff Benedicte E. Duchen-Rulis has been  and may be in the future, deprived of the assistance, help, support, services, affection, society, consortium and companionship of her lawful husband, Plaintiff Kevin M. Rulis, all to her detriment and loss.

53.     Plaintiff Benedicte E. Duchen-Rulis was legally married to Plaintiff Kevin M. Rulis prior to and on July 13, 2012.

54.     Plaintiff Benedicte E. Duchen-Rulis remains legally married to Plaintiff Kevin M. Rulis at the time of the filing of this pleading.

WHEREFORE, plaintiffs, Kevin M. Rulis and Benedicte E. Duchen-Rulis, demand damages of defendants in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

R.K. WASHINGTON, JR. & ASSOCIATES, P.C.

By /s/Richard K. Washington, Jr., Esquire
Richard K. Washington, Jr., Esquire

Date: February 27, 2013

## VERIFICATION

I, Kevin M Kulis          hereby states that he/she is the Plaintiff and that the facts set forth in the foregoing Civil Action Pleading are true and correct to the best of his/her knowledge, information and belief.

I understand that the statements made therein are made subject to the penalties of 18 Pa.C.S. section 4904 relating to unsworn falsifications to authorities.

## VERIFICATION

I, _____ hereby states that he/she is the Plaintiff and that the facts set forth in the foregoing Civil Action Pleading are true and correct to the best of his/her knowledge, information and belief.

I understand that the statements made therein are made subject to the penalties of 18 Pa.C.S. section 4904 relating to unsworn falsifications to authorities.

# EXHIBIT B





No Items in Cart    LOGOUT    nbriggs

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

**Case ID:** 130202966
**Case Caption:** RULIS ETAL VS LA FITNESS ETAL
**Filing Date:** Wednesday, February 27th, 2013
**Court:** MAJOR JURY-STANDARD
**Location:** City Hall
**Jury:** JURY
**Case Type:** PREMISES LIABILITY, SLIP/FALL
**Status:** WAITING TO LIST CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | WASHINGTON JR., RICHARD K |
| **Address:** RK WASHINGTON, JR., & ASSOC. 1500 JFK BOULEVARD SUITE 200 PHILADELPHIA PA 191052 (215)925-4300 | | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | RULIS, KEVIN M |
| **Address:** 515 LYNETREE | | **Aliases:** | *none* | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | DRIVE<br>WEST CHESTER PA<br>19380 |  |  |  |
|  |  |  |  |  |
| 3 | 1 |  | PLAINTIFF | DUCHEN-RULIS,<br>BENEDICTE E |
| **Address:** | 515 LYNETREE<br>DRIVE<br>WEST CHESTER PA<br>19380 | **Aliases:** | *none* |  |
|  |  |  |  |  |
| 4 |  |  | DEFENDANT | LA FITNESS |
| **Address:** | 109 QUARRY ROAD<br>DOWNINGTOWN PA<br>19335 | **Aliases:** | *none* |  |
|  |  |  |  |  |
| 5 |  |  | DEFENDANT | LA FITNESS<br>INTERNATIONAL, LLC |
| **Address:** | 109 QUARRY ROAD<br>DOWNINGTOWN PA<br>19335 | **Aliases:** | *none* |  |
|  |  |  |  |  |
| 6 |  |  | DEFENDANT | FITNESS<br>INTERNATIONAL, LLC |
| **Address:** | 109 QUARRY ROAD<br>DOWNINGTOWN PA<br>19335 | **Aliases:** | *none* |  |
|  |  |  |  |  |
| 7 |  |  | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA<br>19107<br>(215)686-7260 | **Aliases:** | *none* |  |

## Docket Entries

| Filing<br>Date/Time | Docket Type | Filing Party | Disposition<br>Amount | Approval/<br>Entry Date |
|---|---|---|---|---|
|  |  |  |  |  |

| 27-FEB-2013 04:41 PM | ACTIVE CASE | | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Docket Entry:** | E-Filing Number: 1302045625 | | | |

| 27-FEB-2013 04:41 PM | COMMENCEMENT CIVIL ACTION JURY | WASHINGTON JR., RICHARD K | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | *none.* | | | |

| 27-FEB-2013 04:41 PM | COMPLAINT FILED NOTICE GIVEN | WASHINGTON JR., RICHARD K | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents<br>1. Complaint.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 27-FEB-2013 04:41 PM | SHERIFF'S SURCHARGE 3 DEFTS | WASHINGTON JR., RICHARD K | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 27-FEB-2013 04:41 PM | JURY TRIAL PERFECTED | WASHINGTON JR., RICHARD K | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 27-FEB-2013 04:41 PM | WAITING TO LIST CASE MGMT CONF | WASHINGTON JR., RICHARD K | | 27-FEB-2013 04:42 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 19-MAR-2013 03:23 PM | AFFIDAVIT OF SERVICE FILED | | | 19-MAR-2013 03:25 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents CS100555-3.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON FITNESS INTERNATIONAL, LLC BY SHERIFF SERVICE CHESTER ON 03/11/2013 FILED. | | | |

| 19-MAR-2013 03:27 PM | AFFIDAVIT OF SERVICE FILED | | | 19-MAR-2013 03:28 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents CS100555-2.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON LA FITNESS INTERNATIONAL, LLC BY SHERIFF SERVICE CHESTER ON 03/11/2013 FILED. | | | |

| 19-MAR-2013 03:31 PM | AFFIDAVIT OF SERVICE FILED | | | 19-MAR-2013 03:37 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents CS100555-1.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON LA FITNESS BY SHERIFF SERVICE CHESTER ON 03/11/2013 FILED. | | | |

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN M. RULIS and BENEDICTE E. DUCHEN-RULIS : <br> : <br> V.                : <br> : <br> LA FITNESS, LA FITNESS INTERNATIONAL, <br> LLC, and FITNESS INTERNATIONAL, LLC   : | Civil Action <br> No: _____ |

### DISCLOSURE STATEMENT FORM

Please check one box:

☑      The nongovernmental corporate party, _____Fitness International, LLC_____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

❑      The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

_3/19/13_____             _Norman W. Briggs_ (signature)
Date                              Signature    Norman W. Briggs, Esquire

Counsel for:    _Defendant, Fitness International, LLC_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:

     (1)    identifies any parent corporation and any publicly held corporation owning 10% or more of its stock;  or

     (2)    states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

     (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

     (2)    promptly file a supplemental statement if any required information changes.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Kevin M. Rulis, and Benedicte E. Duchen-Rulis, 515 Lynetree Drive, West Chester, PA 19380_

Address of Defendant: _Fitness International, LLC, 3161 Michelson Blvd, Suite 600, Irvine, CA 92612_

Place of Accident, Incident or Transaction: _LA Fitness (Health Club), 701 Cathedral Road, Philadelphia, PA 19128_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Norman W. Briggs_, counsel of record do hereby certify:     do not

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _March 18, 2013_     _Norman W. Briggs_     _60940_
                          Attorney-at-Law  Norman W. Briggs     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/18/13_     _Norman W. Briggs_     _60940_
                   Attorney-at-Law  Norman W. Briggs     Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

KEVIN M. RULIS and BENEDICTE E. DUCHEN-RULIS

**DEFENDANTS**

LA FITNESS, LA FITNESS INTERNATIONAL, LLC, and FITNESS INTERNATIONAL, LLC

**(b)** County of Residence of First Listed Plaintiff   CHESTER COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard K. Washington, Esquire, 1500 JFK Blvd, Suite 200, Philadelphia PA 19105; Telephone 215-925-4300

Attorneys *(If Known)*
Norman W. Briggs, Esquire, Briggs Law Office, LLC, 400 Market Street, Suite 730, Philadelphia, PA 19106, 215-925-4632

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Leave Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 791 Empl. Ret. Inc. | | Act |
| | Med. Malpractice | | Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, United Stated Code, Section 1441
Brief description of cause:
Court action is between citizens of different states, USDC has original jurisdiction by virtue of diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
03/18/2013

SIGNATURE OF ATTORNEY OF RECORD
Norman W. Briggs, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                     Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| KEVIN M. RULIS and BENEDICTE E. DUCHEN-RULIS, | : | CIVIL ACTION |
| v. | : | |
| LA FITNESS, LA FITNESS INTERNATIONAL, and | : | |
| FITNESS INTERNATIONAL, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( X )

| | | |
|---|---|---|
| _3/19/13_ | NORMAN W. BRIGGS | |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants Fitness International, LLC, et al |
| 215-925-4632 | 215-925-1611 | nbriggs@thebriggslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.