IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN M. RULIS, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LA FITNESS, et al., | : | No. 13-1582 |
| Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                                           September 27, 2013

Kevin M. Rulis and Benedicte E. Duchen-Rulis sued LA Fitness, LA Fitness International, LLC, and Fitness International, LLC ("Initial Defendants") in the Court of Common Pleas of Philadelphia County for injuries allegedly sustained when Kevin M. Rulis slipped and fell on a racquetball court operated by the Initial Defendants. Fitness International, LLC removed the case to this Court, and Plaintiffs subsequently joined two additional defendants, Downingtown Quarry Associates GP, LLC and Downingtown Quarry Associates, LP ("Joined Defendants"). Now before the Court is Plaintiffs' Motion to Remand. For the following reasons, the Court grants Plaintiffs' motion and remands this case to the Court of Common Pleas of Philadelphia County.

**I.      BACKGROUND**

Plaintiffs, both Pennsylvania citizens, allege that as a result of Defendants' negligence, Kevin M. Rulis slipped and fell on Defendants' racquetball court, causing him to tear his Achilles tendon and suffer other injuries. (Am. Compl. ¶¶ 1-2, 16.) Plaintiffs further allege that the slip was the result of "the leaking, improperly functioning heating ventilation and cooling system and a section of the court's surface covered by moisture, dust and dirt which was an

unreasonably dangerous condition and/or conditions, which was not identified, properly cleaned, repaired or maintained." (*Id.* ¶ 16.) On March 26, 2013, the Initial Defendants timely removed the case to this Court, asserting that the Court had diversity jurisdiction over the matter. On June 25, 2013, Plaintiffs filed an unopposed Motion for Leave to File Amended Complaint, in which Plaintiffs sought to join as additional defendants the owner of the property in question, Downingtown Quarry Associates GP, LLC and Downingtown Quarry Associates, LP ("Joined Defendants"). The Amended Complaint asserted that the Joined Defendants were Pennsylvania citizens. (Am. Compl. ¶¶ 6-7.) The Court granted the motion on June 26, 2013, and the Amended Complaint was filed the same day.

On August 30, 2013, Plaintiffs filed two motions. Plaintiffs sought leave to file a second amended complaint, which would join as defendants parties whose identities had only recently been disclosed in discovery ("Proposed Additional Defendants"). Plaintiffs also filed a motion to remand the case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(e), based on Plaintiffs' assertion that diversity jurisdiction had been destroyed by the joinder of the Joined Defendants and would be further destroyed by the joinder of the Proposed Additional Defendants. Fitness International, LLC filed an Opposition to the Motion to Remand.

## II.   STANDARD OF REVIEW

A defendant in state court may remove "any civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts possess diversity jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §

1332(a)(1). To satisfy the requirement of complete diversity, no plaintiff may be a citizen of the same state as any defendant. *Id.*; *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). A corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "A natural person is deemed to be a citizen of the state where he is domiciled. . . . [A] partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In light of the 1998 addition of § 1447(e) to the remand statute, "the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 461-63 (4th Cir. 1999). If the court decides to allow joinder of the nondiverse parties, remand to state court is mandatory. 28 U.S.C. § 1447(e); *see also Mayes*, 198 F.3d at 462 ("[T]he statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case."); *see also* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3739 (4th ed. 2013) ("If the court permits the non-diverse party to be joined, under amended Section 1447(e) the court must remand the case to the state court from which it was removed.").

**III.   DISCUSSION**

This Court no longer has diversity jurisdiction over this matter because the joinder of the Joined Defendants destroyed the complete diversity of the parties. Plaintiffs are Pennsylvania

citizens, and it is not disputed that the Joined Defendants are as well. Therefore, because the Court has already permitted joinder of nondiverse parties, this matter must be remanded pursuant to 28 U.S.C. § 1447(e).

Defendants now argue that the Joined Defendants were fraudulently joined. However, Defendants did not timely raise this argument or otherwise oppose Plaintiffs' initial motion to join those defendants. (Pls.' Reply to Def.'s Opp'n to Pls.' Mot. to Remand at 3-4.) Federal courts considering whether to permit joinder of a new defendant sometimes inquire into whether such joinder would be fraudulent, or solely for the purpose of destroying diversity jurisdiction. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Groh v. Monestero*, Civ. A. No. 13-1188, 2013 WL 1809096 at *4 (E.D. Pa. Apr. 29, 2013) ("*Hensgens* has come to serve as the template for courts in this District deciding motions to remand under Section 1447(e)."). However, nondiverse parties have already been joined in this case, and the Court declines to revisit its prior decision to allow joinder of those parties. Because remand is mandatory under § 1447(e) after a nondiverse party has been joined, remand is proper in this case.

**IV.     CONCLUSION**

This Court no longer has jurisdiction over this matter, and thus remands the case to the Court of Common Pleas of Philadelphia County. An Order consistent with this Memorandum will be docketed separately.