IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN M. RULIS and | : | |
| BENEDICTE E. DUCHEN-RULIS, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LA FITNESS, | : | No. 13-1582 |
| Defendant. | : | |

### MEMORANDUM

**Schiller, J.**                                                                                     **March 24, 2015**

Plaintiffs Kevin Rulis and Benedicte Duchen-Rulis brought this personal injury lawsuit against Defendant LA Fitness, in the Philadelphia Court of Common Pleas on February 27, 2013. Defendant removed the case to this Court on March 26, 2013, on the basis of diversity jurisdiction. After some discovery, Plaintiffs amended their complaint on June 25, 2013, adding Defendant Downingtown, LA Fitness's landlord and a non-diverse party. This Court subsequently granted Plaintiffs' motion to remand for lack of diversity jurisdiction on September 27, 2013. After further discovery in state court, that court granted Downingtown's motion for summary judgment and dismissed Downingtown on January 9, 2015, on the basis that Downingtown was fully indemnified by LA Fitness by the terms of their lease agreement. LA Fitness removed to this Court for a second time on January 20, 2015, again on the basis of diversity jurisdiction. Plaintiffs once again move to remand. Defendant opposes the motion, asserting fraudulent joinder of Downingtown and forum manipulation. For the following reasons, the Court grants Plaintiffs' motion and remands the case to state court.

**I.     BACKGROUND**

After LA Fitness initially removed this case, Plaintiffs served it with Interrogatories and a Request for Production of Documents on April 16, 2013. (Pls.' Mot. to Remand Case to the Court of Common Pleas of Phila. Cnty. [Pls.' Mot. to Remand], Ex. C.) Plaintiffs' claim is that Kevin Rulis slipped and fell on a puddle of water on Defendant's squash court that was caused by a faulty HVAC system in the building. Accordingly, the interrogatories included a request to identify "all people and entities who owned and leased" the property in question. (*Id.* at 7.) In response, Defendant identified its landlord, Downingtown. (Pls.' Mot. to Remand, Ex. D.) Twenty days after Defendant's response, Plaintiffs amended their complaint to add Downingtown. (Pls.' Mot. to Remand, Ex. G.) Downingtown answered the amended complaint and cross-claimed for indemnity against LA Fitness in August 2013. (Pls.' Mot. to Remand, Ex. H.) LA Fitness denied the cross-claim and made its own cross-claim for indemnity against Downingtown the following day. (Pls.' Mot. to Remand, Ex. I.) Plaintiffs moved to remand on August 30, 2013, and also moved to file a second amended complaint on the same day. (Pls.' Mot. to Remand, Ex. J; Def.'s Opp'n to Pls.' Mot. to Remand the Case to the Court of Common Pleas of Phila. Cnty. [Def.'s Opp'n], Ex. F.) This Court remanded the case on September 27, 2013.

Back in state court, LA Fitness sent a letter to Downingtown, with a copy to Plaintiffs, agreeing to defend and indemnify Downingtown. (Def.'s Opp'n, Ex. B.) Plaintiffs do not acknowledge receiving this letter. (Pls.' Mot. to Remand ¶ 19.) Counsel for LA Fitness also emailed Plaintiffs in February 2014, confirming that she would be representing both Defendants, and would file an appearance on behalf of Downingtown in state court. (Pls.' Mot. to Remand, Ex. M.) Counsel for LA Fitness contacted Plaintiffs in October 2013, and again in January 2014,

asking whether Plaintiffs were still planning to file the second amended complaint. (Def.'s Opp'n, Exs. I & J.) Counsel for LA Fitness also warned of, and then filed, a motion to compel Kevin Rulis's deposition in January 2014, which was granted in February 2014. (Def.'s Opp'n, Ex. J; Pls.' Mot. to Remand, Exs. N & O.) Downingtown filed for summary judgment in May 2014, asserting indemnity. (Pls.' Mot. to Remand, Ex. P.) Downingtown's filing in May was apparently the first time counsel for LA Fitness officially appeared for Downingtown on the state court docket. (Pls.' Mot. to Remand ¶ 26.) Plaintiffs subsequently served both Defendants with document requests, served Downingtown with separate document requests and interrogatories, and opposed Downingtown's motion for summary judgment. (Pls.' Mot. to Remand, Ex. Q; Def.'s Opp'n, Exs. D & L.) Downingtown answered the discovery addressed to it five days later. (Pls.' Mot. to Remand, Ex. S.) Its motion for summary judgment was denied without prejudice the following week, because discovery was ongoing. (Pls.' Mot. to Remand, Ex. R.) When Plaintiffs sought to depose a representative of Downingtown, defense counsel responded that the company was "not sure who to produce for deposition as there is no one who knows anything about LA Fitness practices, maintenance or repairs." (Pls.' Mot. to Remand, Ex. U.) After discovery ended, Downingtown again moved for summary judgment, which Plaintiffs did not oppose. (Def.'s Opp'n, Exs. E & N.) Downingtown was dismissed on January 9, 2015. (Pls.' Mot. to Remand, Ex. W.) LA Fitness removed the case back to this Court on January 20, 2015.

## II.     STANDARD OF REVIEW

Federal district courts have original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove a case that could have originally been brought in federal court pursuant to

28 U.S.C. §§ 1441, 1446. Such removal may not occur "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). This narrow exception to the one-year time limit is a recent codification of a slightly more expansive, judicially created "equitable tolling" of the former statute. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211-12 n.6 (3d Cir. 2014).[1]

The removing party bears the burden of showing that removal is appropriate. *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). This is a heavy burden: "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d. Cir. 1992) (quotations omitted). In the case of removal based on diversity, "[w]hen a non-diverse party has been joined as a defendant, . . . the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id*. Proof of fraudulent joinder may only be shown if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (quotation omitted).

Plaintiffs also seek attorneys' fees and costs under § 1447(c), which allows recovery for such expenses "incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[1] Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title 1, § 103(b)(3), Dec. 7, 2011, 125 Stat. 758, 760 (adding § 1446(c)(1)); *see also* H.R. Rep. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580 (clarifying that the new bad faith exception is designed to be "limited in scope").

The test for awarding fees balances "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with "Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied." *Id*. at 140.

### III.    DISCUSSION

#### A.    Bad Faith

Defendant has not met its high burden of proof under the current statutory language, which requires that Defendant prove that Plaintiffs acted in bad faith and that they did so for the purpose of preventing removal. § 1446(c)(1). Defendant relies on an outdated, over-inclusive test for the equitable exception to the one-year removal statute, citing cases that predate the § 1446(c)(1) language quoted above. (*See* Def.'s Opp'n at 22.) To the extent that Defendant argues that Plaintiffs acted in bad faith, it points to: Plaintiffs' failure to pursue any discovery within the one-year period from initial filing; Plaintiffs' choice to oppose Downingtown's first motion for summary judgment on the basis that discovery was ongoing and not on the merits; Plaintiffs' consent to Downingtown's second motion for summary judgment; and Plaintiffs' ultimately unfulfilled representation that they would file a second amended complaint and join additional parties, which Defendant claims was a stalling tactic. Defendant claims that Defendant's letter of October 17, 2013 should have made clear to Plaintiffs that Downingtown would be fully indemnified by LA Fitness, and Plaintiffs' assertion that they never received the letter is disingenuous. Defendant also refers to Plaintiffs' apparent reluctance to produce Kevin Rulis for a deposition, which was ultimately compelled by the court. (Pls.' Mot. to Remand, Ex. O.)

The above facts do not demonstrate that Plaintiffs acted in bad faith to prevent removal. Although the one-year limit from the commencement of the action was in early 2014,[2] the state court discovery deadline was not until September 1, 2014. (Pls.' Mot. to Remand, Ex. L.) Plaintiffs were under no obligation to pursue any particular discovery before February. Nor does Plaintiffs' strategy to oppose the first motion for summary judgment on the basis that discovery was still ongoing signal bad faith; at that point, the one-year limit was well past, and the strategy was a winning one. (Pls.' Mot. to Remand, Ex. R (denying initial motion for summary judgment because discovery was ongoing).) Plaintiffs subsequently served discovery on Downingtown and attempted to depose someone from the company. (Pls.' Mot. to Remand, Exs. Q, T, & U.) The fact that Downingtown was indemnified did not necessarily mean that no one at the company had any knowledge of the HVAC system. Plaintiffs' decision not to file a second amended complaint after the initial remand was likewise not proof that they were trying to stall in bad faith. Moreover, Defendant presents no evidence that Plaintiffs sought specifically to prevent removal by their actions, perhaps because Defendant relies on the old equitable test rather than the language of the current statute.

For many of the same reasons, Defendant fails the *Briscoe* test for proving fraudulent joinder. Defendant has not proven Plaintiffs had "no real intention in good faith to prosecute against [Downingtown] or seek a joint judgment." *Briscoe*, 448 F.3d at 216. It has also not proven Plaintiffs had "no reasonable basis in fact or colorable ground supporting the claim against" Downingtown. *Id*. Plaintiffs added Downingtown as a defendant within twenty days of learning that Downingtown owned the property in question—a perfectly reasonable strategy in a slip and fall case alleging a building defect. Downingtown and LA Fitness initially cross-claimed

---

[2] Although Plaintiffs filed the original Complaint on February 27, 2013, the parties do not say when Plaintiffs first served the Complaint on LA Fitness.

against each other, indicating that even LA Fitness thought that Downingtown might be at fault. That LA Fitness and Downingtown turned out to have a lease with an indemnity provision is not something Plaintiffs could have known until after the case was remanded. Plaintiffs therefore had a reasonable basis supporting their claim against Downingtown at the time of joinder and every reason to seek a joint judgment.

### B.   Fees and Costs

Defendant's second removal of this case was not so objectively lacking a reasonable basis that Plaintiffs should receive attorneys' fees and costs. As discussed, Defendant failed to meet its high burden of showing that Plaintiffs acted in bad faith for the purpose of stalling the one-year limitation. However, the timing of some of Plaintiffs' actions is suspicious, including the claim that Plaintiffs never received Defendant's October 2013 letter agreeing to indemnify Downingtown, that they did not respond to Defendant's requests about amending their Complaint, and that they apparently did not produce Kevin Rulis for a deposition when first requested. Further, the Court does not view Defendant's mistake of law to be disingenuous—particularly since Plaintiffs made the same mistake. Plaintiffs have demonstrated no evidence that this removal was one "sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. On balance, the Court views this case as one in which removal raised a reasonable question.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to remand this case to state court, but denies Plaintiffs' request for attorneys' fees and costs. An Order consistent with this Memorandum will be docketed separately.